KLIEBERT, Judge.
The husband, Randall Morel, was cast in judgment for $150.00 in attorney’s fees on the motion of Greer Baker Morel to compel answers to interrogatories. He was also cast in judgment on a motion for alimony arrearage of $970.32 plus attorney fees of $250.00. The husband perfected this sus-pensive appeal. We reverse in part, amend in part, and as amended, affirm.
After the wife was granted custody of the two minor children of the marriage and awarded alimony and child support, the husband amended his pending petition (filed on August 25, 1981) for separation based on six months living separate and apart to a petition for full divorce based on one year living separate and apart.
Thereafter, the wife directed one interrogatory with eight subsections to the husband. The husband filed an objection to the interrogatory based on its relevancy and his assertion that if he furnished his telephone number it would be used by his wife to harass him. At the time, there was a rule pending against the wife to enjoin her from harassing him at work. The wife then filed a rule to compel the husband to file answers to the interrogatory and for attorney’s fees of $250.00 for prosecution of the rule. On April 16,1981, the date set for the hearing on the motion to compel answers to the interrogatory, the husband filed answers to some but not all of the *1290 subsections of the interrogatory. The court directed the husband to answer all of the subsections with the exception of the subsection requesting his residence telephone number and awarded attorney fees of $150.00 to the wife’s attorney.
The husband appeals the award of attorney’s fees citing Louisiana Code of Civil Procedure Article 1469 which reads as follows:
Art. 1469. Motion for order compelling discovery
A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling discovery as follows:
(1) An application for an order to a party or a deponent who is not a party may be made to the court in which the action is pending.
(2) If a deponent fails to answer a question propounded or submitted under Articles 1437 or 1448, or a corporation or other entity fails to make a designation under Articles 1442 or 1448, or a party fails to answer an interrogatory submitted under Article 1457, or if a party, in response to a request for inspection submitted under Article 1461, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request. When taking a deposition on oral examination, the proponent of the question may complete or adjourn the examination before he applies for an order.
If the court denies the motion in whole or in part, it may make such protective order as it would have been empowered to make on a motion made pursuant to Article 1426.
(3) For purposes of this Subdivision an evasive or incomplete answer is to be treated as a failure to answer.
(4) If the motion is granted, the court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney’s fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.
If the motion is denied, the court shall, after opportunity for hearing, require the moving party or the attorney advising the motion or both of them to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney’s fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust.
If the motion is granted in part and denied in part, the court may apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner.
Acts 1976, No. 574, § 1.
He argues that Article 1469(4) does not provide for the award of attorney’s fees, where, as here, the motion to compel is granted in part and denied in part. The argument has merit. Code of Civil Procedure Article 1469 does not grant the statutory authority for the award of attorney’s fees, where, as here, the motion to compel answers to the interrogatory is granted in part and denied in part. Rather, under the wording of the article, the court’s authority is limited to “apportionment of the reasonable expenses incurred in relation to the motion”. In the absence of the statutory authority to grant attorney’s fees, the court cannot make an award for them. Killebrew v. Abbott Laboratories, 359 So.2d 1275 (La.1978).
Accordingly, the trial judge’s order awarding attorney’s fees of $150.00 for prosecution of the rule to compel filing of the answers to the interrogatory is reversed.
On October 9, 1980, the wife was granted custody of the children with child support of $800.00 per month and alimony pendente *1291 lite of $300.00 per month. This judgment made the payments retroactive to the date of filing the petition, i.e., September 8, 1980, and provided for a credit in favor of the husband for any sums paid from that date to the date of rendition of the judgment, i.e., October 9, 1980.
On December 31, 1980, the wife filed a rule to have the husband found in contempt of court, to make past due support payments executory and for attorney’s fees for prosecuting the rule. In her testimony, she claimed an arrearage of $593.00 for September, $441.75 for October and $135.24 for November. The husband responded, contending he had made payments in excess of that required by the judgment and submitted in evidence a computation in support of his contention as follows:
Alimony & Support Due Paid Direct to Wife Paid to Others
September (8-30) 23 days 843.33 9/11/80 $750.00 9/12 (1) $110.24
9/12 200.00 9/30 (2) 233.41
9/30 250.00 9/30 160.22 (3)
October 1100.00 10/15 408.25 10/15 110.24 (1)
10/30 550.00 10/10 31.51 (4)
November 1100.00 11/15 414.76 11/12 110.24 (1)
11/30 550.00 11/12 25.00 (5)
December 1100.00 12/15 550.00
12/31 550.00
$ 4143.33 $4224.01 $ 780.86
NOTES:
(1) Monthly note payment to Jefferson Bank & Trust Company for children’s tuition
(2) Mortgage payment on house-221 Willowbrook Dr., paid to Central Savings & Loan Association
(3) Note payment to Allstate Finance Co. for 1979 Pontiac-used by Greer Morel
(4) Payment to White-Westinghouse for repair of appliance in house-221 Willowbrook Dr.
(5) Payment to Dr. Charles McShane-children’s dentist
By judgment rendered on April 27, 1981, the court made executory past due support payments of $970.32 and awarded the wife’s attorney $250.00 in fees. On appeal, both parties stipulated that the trial judge made a mathematical error in computing an ar-rearage of $970.32 in that he gave an erroneous credit for payments made which resulted in a $300.00 excessive arrearage. Assuming arguendo that we accepted the trial judge’s reasons and judgment under the stipulation- of the parties, the arrearage should thus be reduced to $670.32.
The actual dispute between the parties is whether the children’s tuition, the car note on the car used by the wife, and the note on the house being used by the wife were to be paid out of the support and alimony award totalling $1100.00 a month by the wife, or by the husband, although not provided for by the judgment setting the alimony and support allowance. Apparently the trial judge concluded these payments were to be made by the husband, notwithstanding the fact the wife was using the community house and car, due to the fact that in the rule to make past due alimony and support payments executory he refused to grant credit to the husband for the payment of same. Since the judgment of October 9, 1980 setting the alimony and support payments was not appealed our inquiry is solely into whether the husband had made the alimony and support payments called for by the judgment of October 9, 1980. The trial judge concluded the only payments made by the husband towards the alimony and support judgment *1292 were the payments made directly to the wife, excluding the $750.00 payment for the air conditioner repairs made on 9/11/80. We cannot say the trial judge erred in refusing to give credit for the payments made to the third parties by the husband. With the exception of the payment to White-Westinghouse for repairs to the house appliance and the payment to Dr. Charles McShane, these payments were community obligations, payable by the husband and recoverable by him at the time of settlement of the community. See Hartley v. Hartley, 349 So.2d 1258 (La.1977). Additionally, these payments and those to Dr. McShane and to White-Westinghouse were not made pursuant to a court directive or pursuant to an agreement between the husband and the wife. The request of the wife which the husband argues resulted in such an agreement was made for time periods subsequent to the time period in question here. According to the judgment, alimony and support payments were to be made directly to the spouse for her to disburse as she saw fit. In the absence of an agreement or proven request that a portion of the support or alimony payments be made on the wife’s behalf to a third party, the husband cannot claim the payment of same as a credit towards his alimony or support payments. See Hamilton v. Hamilton, 421 So.2d 291 (La.App. 5th Cir.1982). The case of Seifert v. Seifert, 374 So.2d 157 (La.App. 1st Cir.1979) cited by the husband in support of his position is inapposite to the facts present here and does not support his argument.
Under the provisions of LSA R.S. 9:305, the trial judge had the authority to award attorney’s fees. We cannot say he abused his discretion in awarding attorney’s fees of $250.00.
Accordingly, the judgment for the arrear-age is amended to provide that the amount of the arrearage is $670.32 and as amended is affirmed. Each party to bear his own cost of the appeal.