GUIDRY, Judge.
Defendants, Texas Industries, Incorporated d/b/a Louisiana Industries (hereafter LI) and Transportation Insurance Company, incorrectly named in plaintiff’s petition as Continental Assurance Company (hereafter TIC), appeal a judgment of the trial court awarding plaintiff, Willie L. Carter, worker’s compensation benefits in connection with an on-the-job accident which occurred on November 26, 1985. Plaintiff answered the appeal seeking a reduction in the credit allowed defendants pursuant to La.R.S. 23:1206; a reduction in the offset allowed defendants for social security benefits plaintiff is receiving; and reversal of the trial court’s judgment insofar as it denied his demand for penalties and attorney’s fees.
The following facts were stipulated to at trial. During the morning hours of November 26, 1985, while in the course of his employment with LI, plaintiff suffered a heart attack which left him permanently and totally disabled. Plaintiff had been employed by LI for 21 years and was earning $6.65 an hour with time and one-half being paid on each day for those hours he *689 worked in excess of eight hours. In the four full weeks before he suffered his heart attack, Willie Carter worked the following hours:
Week ending October 30, 1985 — 26.5 standard hours, 7.7 overtime hours;
Week ending November 6, 1985 — 40 standard hours, 13 overtime hours;
Week ending November 13, 1985 — 32 standard hours, 10 overtime hours;
Week ending November 20, 1985 — 32 standard hours, 10 overtime hours.
Although not agreed upon by stipulation, the following facts are established in the record and are not in dispute. TIC was Li’s worker’s compensation insurer on November 26, 1985. Subsequent to plaintiff’s November 26, 1985 heart attack, defendant, LI, issued a check to Carter, dated July 7, 1986, for a net total of $7,697.15, representing four weeks vacation pay and thirty-one and one-half weeks “terminal pay” less applicable taxes. A claim for worker’s compensation was filed with the Office of Worker’s Compensation on March 26, 1987 (claim was postmarked March 24, 1987). The recommendation of that office was rejected by at least one of the parties and a certificate to that effect was issued by the office on May 22, 1987. Suit was filed by plaintiff on June 22, 1987.
At trial, defendants urged that as plaintiff failed to file a claim for benefits within one year from the date of accident (November 26, 1985), his claim was prescribed under La.R.S. 23:1209. Alternatively, if the court finds that plaintiff’s claim had not prescribed, then defendants urge that plaintiff’s injury did not arise out of his employment. The trial court rejected both contentions and defendants reurge same on appeal.
The trial judge found that Li’s check to plaintiff dated July 7, 1986, was a gratuity paid in lieu of compensation and thus interrupted the running of prescription. Li’s check was issued for two items: vacation pay (four weeks) and termination pay (31.5 weeks). Defendant, LI, argues that these were earned benefits due plaintiff and thus the payment of these “earned benefits” did not interrupt the running of prescription. The trial judge found otherwise based on the fact that “... plaintiff performed no work whatsoever for the defendant during the period between the date of the accident and the date of payment ...”.
We agree with the conclusion reached by the trial judge. If the termination pay and vacation pay were earned by Carter before his heart attack, the payment to him for these accrued benefits after his heart attack would not affect the course of prescription. On the other hand, if the payments were gratuitous, they are considered in lieu of compensation and do interrupt the course of prescription. Lester v. Rebel Crane and Service Co., 394 So.2d 1230 (La.1981); Franz v. New Orleans Breakers, Ltd. Partnership, 515 So.2d 1120 (La.App. 5 Cir.1987). Although the accrued vacation pay for which plaintiff was paid may have been earned, we find no evidence in the record, save the self-serving testimony of the LI personnel administrator, Rhonda Roberts, that Carter was due the 31V2 weeks of “terminal pay.” There is no evidence in the record to corroborate her statement that plaintiff had earned the amount paid to him on July 7, 1986 (terminal pay). Ms. Roberts candidly admitted that Carter had no written employment contract with LI which guaranteed him the right to claim terminal pay. No company policy manual, employee handbook, or other document was produced by LI to establish the existence of a right in plaintiff to demand and/or sue for the payment made to him. Accordingly, for these reasons, we find no clear error in the trial court’s conclusion that the payment was a gratuity in lieu of compensation.
Defendants next urge that plaintiff's heart attack and resulting disability did not “arise out of” his employment. We find their argument in this regard unpersuasive.
In brief, defendants argue that plaintiff’s heart attack did not arise out of his employment because at the time of accident his work effort, stress or strain was no greater than that generated in everyday non-employment life. In support of this contention defendants point to the testimony of *690 Walter Green, plaintiff’s co-worker who was working near Carter when he sustained his heart attack, who they contend testified that Carter was only installing snap rings in the heavy metal end rings or bands on the day of the accident. A careful reading of Green’s testimony reveals that Green actually testified that he didn’t know if plaintiff was knocking the heavy metal end rings off the ends of the concrete pipe the day of the incident as he claimed. Rather, what Green stated is that just seconds prior to plaintiff’s collapse, he was installing a snap ring on one of the 50 to 60 pound end rings. Green denied any knowledge of what Carter was doing the remainder of the morning. Plaintiff testified that prior to his heart attack he had been engaged in heavy manual labor for a continuous period in excess of two hours.
In a recent decision, Carruthers v. P.P.G. Industries, Inc., 543 So.2d 472 (La.1989), the Louisiana Supreme Court stated:
“In Guidry[1], we determined the degree of work-related stress or strain necessary to satisfy the legal test of ‘arising out of’ the employment. Causation was examined in the context of pre-existing heart disease. The Guidry standard or formula in cases of this nature is:
For the heart accident to arise out of or be connected with the employment, the exertion, stress or strain, acting upon the pre-existing disease, must be of a degree greater than that generated in everyday non-employment life {e.g., as compared to the more or less sedentary life of the average non-worker.
Guidry, 418 So.2d at 633 (emphasis added).
As Guidry makes clear, the standard is an objective one.... Plaintiff must thus show by a preponderance of the evidence that the work effort, stress or strain contributed in some degree to the heart ‘accident’. Unless this burden of proof is met, it can hardly be said that the accident arose out of the employment or that the employment in any measure contributed to the accident. Guidry, 418 So.2d at 633. The rule does not require the claimant to prove the work was the sole cause of the heart injury, so long as it is shown to be a contributing, accelerating or aggravating factor. The presence of a history of arteriosclerosis or even the fact a heart attack was ‘inevitable,’ does not necessarily preclude an award. Reid, 509 So.2d at 997.[2]
The only medical evidence presented at trial was the deposition of Dr. Rufus H. Craig, plaintiff’s treating physician. In that deposition, Dr. Craig stated: “... [0]ur conclusion was that ... because of the nature of the work he was doing, the demand for blood to a certain segment of his heart was exceeded by the heart’s ability to supply that blood and as a result of that he developed ischemia of the heart muscle ... ”. (emphasis ours.) Dr. Craig went on to state that Carter would not likely have had the same problem in ordinary sedentary non-employment activities.
Clearly, the trial judge did not err in concluding that Willie Carter’s accident (heart attack) arose out of his employment.
In his answer to appeal, plaintiff argues that the credit given defendants by the trial judge should be for 31.5 weekly payments rather than the dollar for dollar credit given. We agree.
La.R.S. 23:1206 as amended in 1983 states:
Any voluntary payment or unearned wages paid by the employer or insurer either in money or otherwise, to the employee or dependent, and accepted by the employee, which were not due and payable when made, may be deducted from the payments to be made as compensation.
The quoted language is substantially the same as the 1950 version of Section 1206. In interpreting the provisions of the 1950 version of Sec. 1206, our courts consistently held that the credit due an employer for gratuitous payment in lieu of compensation *691 is to be given on a week to week, rather than a dollar for- dollar basis. Gonzales v. Coastal Wire Warehouse, Inc., 328 So.2d 923 (La.App. 4 Cir.1976); Futrell v. Hartford Accident & Indemnity Co., 276 So.2d 271 (La.1973); 13 Louisiana Civil Law Treatise, 2d ed.; Malone & Johnson, See. 280.
If the legislature, by the 1983 amendment, intended a change in this well established jurisprudential rule, it would have expressly done so. As the legislature did not expressly change the method by which the credit due the employer is calculated (“week to week” rather than “dollar for dollar”), we find the week to week basis of calculation to be the proper method by which an employer is to be credited for gratuitous payments to a disabled employee. We will amend the trial court judgment accordingly.
Plaintiff next urges that defendants should be allowed only a credit of $93.24 per month for social security payments to plaintiff rather than the $127.70 per month awarded by the trial judge. Plaintiff, in brief, goes through a number of calculations to arrive at the figure ($93.24) he argues should be used. We find his calculations inaccurate. A letter from the Social Security Administration’s Alexandria, Louisiana, office dated October 1, 1987, was introduced into evidence without objection. This letter specifies $571.00 per month as Carter’s benefit amount and $1,180.80 as his average current earnings. Using these figures, plaintiff’s compensation payment of $212.00 per week and the formula used by the Social Security Administration to calculate an offset as set out in Lofton v. Louisiana Pacific Corporation, 423 So.2d 1255 (La.App. 3 Cir.1982), we calculate the offset to be as follows:
(a) Total family benefits (see Exhibit D-l). $ 571.00
(b) Average current earnings (see Exhibit D-l) ... 1180.80
(e) Average current earnings x 80% 944.64
(d) Total monthly payment effective Oct. 1, 1977 including worker’s compensation and (a) above cannot exceed. 944.64
(e) Maximum payment due monthly from worker’s compensation without being subject to reduction (d-a) 378.64
(f) “e” converted to weekly payments (“e” X 8 divided by 13). $86.22
(g) Weekly offset by worker’s compensation ($212.00 — 86.22). 125.78
Accordingly, we will amend the trial court judgment to award defendants a credit of $125.78 per week as an offset.
Finally, plaintiff argues that the trial court erred in failing to award penalties and attorney’s fees. Although the issue is close, we can find no clear error in the trial court’s refusal to award penalties and attorney’s fees. There was a serious dispute between the parties concerning exactly what activities had been undertaken by plaintiff on the morning of his heart attack and whether such activities involved stress or strain of a degree greater than that generated in everyday non-employment life. Additionally, there was a serious dispute regarding the character of the payment made to plaintiff on July 7, 1986, and accordingly, whether plaintiff’s claim had prescribed. For these reasons, we find no clear error in the trial judge’s conclusion that defendant’s refusal to pay worker’s compensation benefits was not so arbitrary and capricious as to justify an award of penalties and attorney’s fees.
For the reasons stated, we amend the trial court judgment to award defendants an offset of 31.5 weeks against the worker’s compensation benefits due and owing to plaintiff. Further, we amend the judgment to award defendants an offset in the amount of $125.78 per week against each weekly installment of worker’s compensation benefits payable to plaintiff for social security benefits payable to plaintiff, from the date of judicial demand for said offset and continuing on each successive week thereafter. In all other respects the judgment of the trial court is affirmed. Costs of this appeal are taxed against defendants-appellants.
AFFIRMED AS AMENDED.

. Guidry v. Stine Industrial Painters, Inc., 418 So.2d 626 (La.1982).

. Reid v. Gamb, Inc., 509 So.2d 995 (La.1987).