liAMY, Judge.
The defendants, Texas Industries, d/b/a/ Louisiana Industries, and Transportation Insurance Company, appeal the ruling of the hearing officer finding them liable for attorney’s fees and expenses following a hearing on a Motion to Compel during the discovery process. For the following reasons, we reverse in part, and affirm in part.
DISCUSSION OF THE RECORD
The plaintiff, Willie L. Carter, is represented in this matter by his wife and his grandchildren.[1] Carter, now deceased, was an employee of the defendant, Texas Industries. In 1985, Carter suffered a syncopal episode due to ventricular fibrillation while at work. Following his recovery, his physicians found that this episode was work-related and further instructed him not to return to work. The employer was 12subsequently ordered to pay worker’s compensation disability benefits. These payments were affirmed by a panel of this court in 1989.[2]
Carter died in 1995. The death certificate indicates that the cause of death was cardiac arrhythmia. Carter’s wife and grandchildren filed an LDOL-WC-1008 form seeking worker’s compensation death benefits. The plaintiffs contend, therefore, that the death is related to Carter’s previous work-related injury and are seeking worker’s compensation death benefits. The defendants deny this claim. The instant matter arises from the proceedings in that action.
During the discovery process, the plaintiffs delivered to the defendants, in September 1995, Interrogatories and Requests for Production of Documents. One of the requests stated the following:
Please provide insurance records, reports, applications, correspondence, inter-office memos and all records made and kept by Texas Industries and Transportation Insurance Company employees and representatives concerning claimants’ demand for Workers’ Compensation death benefits, so as to include the complete claim and investigative files and every note, document and piece of paper therein.
The record indicates that the defendants responded to these requests in December 1995. However, Request for Production Number 5, set forth above, was objected to on the basis of Broussard v. State Farm Mutual Automobile Ins. Co., 519 So.2d 136, (La.1988). In Broussard, the Louisiana Supreme Court ruled, in a memorandum decision, that blan *855 ket production of attorney’s and insurer’s files is not permissible, but that a request must comport with La.Code Civ.P. art. 1422.
IgThe record indicates that the plaintiffs responded to this objection with a Supplemental Request for Production in January 1996. In the new request, the plaintiffs asked for the following:
Please provide insurance records, reports, applications, correspondence, inter-office memos and all records made and kept by Texas Industries and Transportation Insurance Company employees and representatives with regard to your refusal to pay claimants’ demand for Workers’ Compensation benefits, medical benefits and death benefits, so as to include the complete claim and investigative files and every note, document and piece of paper therein, excluding those which were prepared in anticipation of litigation.
(Emphasis added). After sending the supplemental request, the plaintiffs sought and received a subpoena duces tecum which was signed by the hearing officer on January 5, 1996. This subpoena directed the defendants to produce the documents called for in the supplemental request before the Office of Workers’ Compensation Administration in Winnfield on January 10, 1996. The defendants responded on January 11th by filing a Motion to Quash Subpoena Duces Tecum, or, Alternatively, Motion for Protective Order.[3] In that Motion for Protective Order, the defendants contend that the subpoena duces tecum is over broad and that it attempts to recover documents which are “privileged, irrelevant, and immaterial.”
Finally, in response to the Motion to Quash, the plaintiffs filed a Motion to Compel Discovery and For Other Relief on January 22, 1996. The record indicates that, on February 28th, the hearing officer heard both the Motion to Compel ^Discovery and the Motion for Protective Order in Winnfield, Louisiana. At that hearing, the officer stated that he granted the plaintiffs’ Motion to Compel and denied the defendants’ Motion for Protective Order. However, despite so ruling, he ordered an in camera inspection of the contested materials. Also at this February 28 hearing, the plaintiffs asked for attorney’s fees and expenses, but the hearing officer declined to rule on this request until the in camera inspection was had.
The record indicates that the in camera inspection was conducted in the hearing officer’s chambers on April 9, 1996 in Shreveport with both parties’ counsel in attendance, as ordered by the hearing officer. The transcript of the proceedings reflects that the hearing officer determined that the contested documents produced by the defendants were, indeed, confidential or were irrelevant. Despite this finding, the hearing officer then awarded the plaintiffs $5,000.00 in attorney’s fees and $850.00 in expenses. The hearing officer stated that these awards were based solely on his granting of the plaintiffs Motion to Compel. The defendants now appeal the award of these fees and expenses. The defendants also appeal the hearing officer’s refusal to award them reasonable expenses in relation to the discovery.
LAW
Attorney’s Fees
The defendants first argue that the hearing officer erred in awarding $5,000.00 in attorney’s fees with regard to the disputed discovery. The defendants maintain that since the hearing officer did not compel the production of discovery requests, that an award of attorney’s fees is not appropriate.
IsArticle 1469 of the Louisiana Code of Civil Procedure outlines not only the procedure for seeking a Motion to Compel Discovery, but also dictates the award of attorney’s fees and expenses with regard to that motion. The article provides, in pertinent part, that:
(4) If the motion is granted, the court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party or *856 attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney’s fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.
If the motion is denied, the court shall, after opportunity for hearing, require the moving party or the attorney advising the motion or both of them to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney’s fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust.
If the motion is granted in part and denied in part, the court may apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner.
A panel of this court has previously stated: Code of Civil Procedure Article 1469 does not grant the statutory authority for the award of attorney’s fees, where ... the motion to compel answers to the interrogatory is granted in part and denied in part. Rather, under the wording of the article, the court’s authority is limited to “apportionment of the reasonable expenses incurred in relation to the motion”. In the absence of the statutory authority to grant attorney’s fees, the court cannot make an award for them. Killebrew v. Abbott Laboratories, 359 So.2d 1275 (La.1978).
Morel v. Morel, 425 So.2d 1289, 1290 (La.App. 5 Cir.1982), writ denied, 430 So.2d 99 (La.1983).
leFurther, the proper standard of review of a trial judge’s choice of discovery sanctions is the abuse of discretion standard. MTU of North America, Inc. v. Raven Marine, 475 So.2d 1063 (La.1985); LeJeune v. Lafayette Tower Service, 94-1240 (La.App. 3 Cir. 4/5/95); 653 So.2d 112.
In the present case, the judgment indicates that the hearing officer granted the plaintiffs’ Motion to Compel Discovery, but denied the defendants’ Motion to Quash Subpoena Duces Tecum and Motion for Protective Order. However, the hearing officer went on to order the in camera inspection of the disputed evidence. He stated:
The Court is ordering the investigative claim file to be presented to show if they should pay, and the claim file to be presented to show why they didn’t pay. And that there will be an in camera inspection of these files in the judicial chamber of Judge Leslie B. Bagley in Shreveport-
After the hearing officer inspected the contested documents, he returned to the court room and stated:
Let the record reflect that I have reviewed the instruments, the copies of which I hold in my hand in my chamber. I find that these instruments are either not relevant to the issues involved here today and in this ease or they contain privileged material which would keep them from being made available to opposing counsel in accordance with the statutory provision and jurist prudential [sic] rules of this state. And for that reason I am going to not allow them to be given to opposing counsel.
After so finding, the hearing officer returned the documents to the defense counsel.
The hearing officer next addressed the issue of attorney’s fees. The record clearly indicates that even though the discovery had been granted in part and had been denied in part, the hearing officer awarded $5,000.00 in attorney’s fees for the initial hearing only. Given the disposition partially in favor of each party, to award ^attorney’s fees at all was error. The following exchange took place between the hearing officer and counsel following the in camera inspection:
THE COURT: ... I have absolutely no reservation and no reluctance whatsoever to award attorney’s fees in this case. The attorney’s fees that I’m going to award are going to apply to the first proceedings that counsel filed here that has led us up to today. And there have been several proceedings that have been filed. He has gone from Alexandria to Winnfield and now he’s gone from Alexandria up here today. I’m certainly not going to ask an attorney with as many years of experience *857 as Mr. Ford to produce any time sheet or anything like that. I’m going to assess attorney’s fees as applied to the legal proceedings that are involved and which have resulted in Mr. Ford being supplied that stack of copies there. Are you clear as to what the attorney’s fees are on?
MS. SMILIE: Yes, sir.
THE COURT: Are you clear on what they’re on?
MR. FORD: Yes, sir.
THE COURT: I’m going to award attorney’s fees on those points only. I want the record to be crystal clear only on the proceedings instituted by counsel for plaintiff with regards to the interrogatories forward. It was a Motion for Production forward; is that right?
MR. FORD: Yes, sir.
THE COURT: Motion from Production forward only applying to what was done procedurally to bring us to this point here in my courtroom today. And I’m going to award attorney’s fees in the amount of $5,000.00.
Although the hearing officer clearly attempted to award attorney’s fees for only part of the proceedings, we find that, under the circumstances, the hearing officer erred in awarding attorney’s fees to the plaintiffs. At the first hearing, the hearing officer stated, and the judgment reflects, that he was granting the Motion to Compel and denying the defendants’ Motion for Protective Order. Despite so ruling, the [shearing officer held an in camera inspection and, as a result, ultimately found that at least a portion of the material was not properly discoverable. In light of this finding, we conclude that the healing officer, neither strictly granting the plaintiffs’ motion nor denying the defendants’ motion, was clearly wrong to award attorney’s fees. Although the judgment from the first hearing does not reflect so, our review of the entire matter indicates that the hearing officer’s actions are a partial grant and partial denial of both motions. Accordingly, it is clear that the statute precludes the awarding of attorney’s fees. As provided in La.Code Civ.P. art. 1469, if a motion is granted in part and denied in part, the court may apportion the reasonable expenses incurred among the parties. The article makes no provision for an award of attorney’s fees under the facts present in this case. See Morel, 425 So.2d 1289. In the absence of any such authority, the award of fees is precluded. Id. Accordingly, we find that the hearing officer’s decision awarding attorney’s fees to the plaintiffs was an abuse of discretion, and this award must be reversed. Expenses
Next, the defendants contend that the hearing officer abused his discretion in awarding $350.00 to the plaintiffs in expenses. They argue that the hearing officer referred to both hearings while explaining the award of attorney’s fees and that La.Civ. Code art. 1469(4) provides that if discovery is not compelled entirely then the party from whom discovery is sought can only be ordered to pay reasonable expenses related to the motion. The defendants maintain that since the hearing officer found that some of the documents were not discoverable, then expenses from the in camera ^proceeding cannot be applied to them but, instead, the plaintiffs should have to pay for the defendants’ expenses incurred during the discovery process.
As previously stated, when a Motion to Compel Discovery is granted in part and denied in part, the court has discretion to apportion reasonable expenses relating to that motion. La.Civ.Code art. 1469(4).
The hearing officer in the present case awarded $350.00 to the plaintiffs for expenses. After awarding attorney’s fees and explaining that he was awarding them only for the first hearing he stated: “I’m going to award expenses in the amount of $350.00, and I’m going to order the defense to pay all court costs in connection with the proceedings as I enumerated just a few seconds ago.”
We do not find that the hearing officer erred in apportioning these expenses to the defense. Although the hearing officer found that much of the material was irrelevant or protected by the attorney-client privilege, the hearing officer also found that much of the material could have been produced by the defendants. Defense counsel and the hear *858 ing officer entered into the following exchange while discussing the award of attorney’s fees and expenses:
MS. SMILIE: Of course our position, Your Honor, is that, as I indicated, we filed the Motion for Protective Order in order to ask the Court to tell us what of this information we did have to produce in response to the broad discovery request.
THE COURT: But the other side of that coin is that counsel, being the highly skilled counsel that you and Mr. Poole are, certainly know that there are some of those items that have been provided to Mr. Ford could have been provided to Mr. Ford. There was no effort, for whatever reason, counsel, made to provide him with anything.
Following this exchange, the defense counsel stated that there had been an effort to obtain the information from the defendants, but there had been a “hold up” in getting the material. We find that this discussion by the hearing officer provides sufficient [icjustification for the hearing officer to have awarded expenses from the first hearing to the plaintiffs. In so finding, we also note no abuse of discretion in the hearing officer’s refusal to award any expenses to the defendants for the second proceeding. Although the hearing officer referred to the plaintiffs’ counsel traveling to both the hearing on the motions and the in camera inspection, there is no indication that the travel and his attendance at the inspection proceeding were taken into account in accessing expenses. In setting the expenses, the hearing officer stated that they were accessed “in connection with the proceeding as I enumerated just a few seconds ago.” As previously discussed with regard to the attorney’s fees, the hearing officer was clearly trying to set apart the first hearing on the motions and the subsequent in camera proceeding. The statute provides only that expenses “may” be awarded if a motion to compel is granted in part, denied in part. Neither party was awarded expenses in connection with the second proceeding in Shreveport. Accordingly, this assignment is without merit.
DECREE
For the foregoing reasons, the hearing officer’s award of attorney’s fees to the plaintiffs is reversed and vacated, and the award of expenses to the plaintiffs in the amount of $350.00 is affirmed. Costs of this appeal are to be divided equally between the plaintiffs and the defendants.
REVERSED IN PART, AFFIRMED IN PART AND RENDERED.

. Prior to Carter's death, he and his wife, Gladys Marie Long Carter, were awarded custody of their three grandchildren.

. See Carter v. Continental Assurance Co., 554 So.2d 688 (La.App. 3 Cir.1989).

. We note that this motion is not contained within the record of this proceeding. However, the defendants indicate that this omission is the result of a clerical error and attached a copy to their brief. The filing of the motion is not contested, however, as the hearing officer clearly refers to and renders a judgment on it during subsequent hearings.