SANDRA LOUIS

VERSUS

NEW ORLEANS CITY PARK
IMPROVEMENT
ASSOCIATION AND XYZ
INSURANCE COMPANY

*     NO. 2022-CA-0047

*    

    COURT OF APPEAL

*    

    FOURTH CIRCUIT

*    

    STATE OF LOUISIANA

\* \* \* \* \* \* \*

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2019-00703, DIVISION "E"
Honorable Omar Mason, Judge
\* \* \* \* \* \*
**Judge Paula A. Brown**
\* \* \* \* \* \*

(Court composed of Judge Edwin A. Lombard, Judge Sandra Cabrina Jenkins,
Judge Paula A. Brown)

Carl A. "Trey" Woods, Esq.
Caleb H. Didriksen, III
Erin Bruce Saucier
DIDRIKSEN SAUCIER WOODS & PICHON
3114 Canal Street
New Orleans, LA 70119


       COUNSEL FOR PLAINTIFF/APPELLEE


Jeff Landry
Tracey J. Comeaux
William David Coffey
LOUISIANA DEPARTMENT OF JUSTICE
1450 Poydras Street, Suite 900
New Orleans, LA 70112


       COUNSEL FOR DEFENDANT/APPELLANT

            **JUDGMENT REVERSED,
VACATED AND REMANDED
MAY 04, 2022**

This appeal arises out of an award for attorney's fees. Appellant, New Orleans City Park Improvement Association (hereinafter "Appellant"), appeals the district court's judgment, which awarded attorney's fees to Appellee, Sandra Louis (hereinafter "Appellee"), in connection with a motion to compel complete discovery responses she filed against Appellant. For the reasons that follow, we reverse and vacate the district court's judgment ordering attorney's fees and remand this matter for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellee filed a petition for damages in the district court, alleging that on June 2, 2018, while attending a family function at New Orleans City Park Amusement Park, she tripped on a dangerous, uneven sidewalk that caused her to fall and land on her face. Appellee averred that, as a result of her fall, she sustained injuries to her face, head, neck and teeth. Appellee alleged the area where she tripped and fell was a hazardous condition, and, because the area was a high-traffic area for pedestrians and Appellant's employees monitored and worked around the area, Appellant knew or should have known of the hazardous condition. Appellee further contended that Appellant was negligent in its failure to place

1

warning signs in the area of the dangerous uneven surface. Appellee sought damages and prayed for judgment in her favor against Appellant.

On July 22, 2019, Appellee served her first set of interrogatories and requests for production of documents on Appellant. Appellant responded to Appellee's first request for discovery on December 9, 2019.[1] On February 5, 2021, counsel for Appellee forwarded an email to counsel for Appellant, scheduling a Rule 10.1 conference[2] on February 22, 2021, to discuss Appellant's deficient discovery responses. In a follow-up email on the same date, counsel for Appellee memorialized the issues addressed in the conference and requested supplemental responses to discovery. The email further indicated that counsel for Appellant agreed to review the discovery responses and consider supplementing the responses on or before March 8, 2021.

On April 8, 2021, Appellee filed a motion to compel and incorporated memorandum in support of the motion.[3] Appellee specifically set forth that

---

[1] Another attorney represented Appellant at the time Appellee propounded her first set of interrogatories and requests for production of documents. On October 5, 2020, present counsel enrolled as counsel of record for Appellant.

[2] Louisiana Uniform District Court Rules, Rule 10.1, provides in pertinent part:

> (a) Before filing any motion to compel discovery, the moving party or attorney shall confer in person or by telephone with the opposing party or counsel for the purpose of amicably resolving the discovery dispute. The moving party or attorney shall attempt to arrange a suitable conference date with the opposing party or counsel and confirm the date by written notice sent at least five (5) days before the conference date, unless an earlier date is agreed upon or good cause exists for a shorter time period. If by telephone, the conference shall be initiated by the person seeking the discovery responses.

> \* \* \*

> (c) If the court finds that the parties or counsel have failed to confer in good faith, or have willfully failed to confer, the court may impose, at its discretion, sanctions on the non-conferring party, including attorney fees and costs.

[3] Attached to the motion to compel was a 10.1 certificate of conference, wherein counsel for Appellee certified that he personally conducted a Rule 10.1 telephone conference with counsel

Appellant failed to provide sufficient discovery responses to interrogatories numbers 4, 18, 27 and 30, and request for production of documents number 33. Appellee requested that the district court order Appellant to supplement its discovery responses, and grant her attorney fees and costs she incurred for filing the motion, pursuant to La. C.C.P. art. 1469(4). Following the hearing, on October 27, 2021, the district court granted in part and denied in part Appellee's motion to compel and ordered Appellant to pay Appellee, through counsel of record, $116.50 in costs and $500.00 in reasonable attorney's fees.

On November 2, 2021, Appellant filed, in the district court, a notice of intent to apply for supervisory writs. The district court granted the order and set a return date for December 3, 2021. Following, on December 28, 2021, Appellant filed a motion to voluntarily withdraw its supervisory writ application and, in turn, filed this timely devolutive appeal.[4]

**DISCUSSION**

On appeal, Appellant assigns as its sole assignment of error that the district court erred in awarding $500.00 in attorney's fees, after granting Appellee's

---

for Appellant on February 22, 2021 and counsel for Appellant agreed to consider supplementing its discovery responses within two weeks of the conference.

[4] "Before considering the merits of any appeal, appellate courts have the duty to determine, *sua sponte*, whether subject matter jurisdiction exists, even when the parties do not raise the issue." *Moon v. City of New Orleans*, 2015-1092, p. 5 (La. App. 4 Cir. 3/16/16), 190 So.3d 422, 425. An appellate court's subject matter jurisdiction is properly invoked by a valid final judgment. *See Urquhart v. Spencer*, 2015-1354, p. 3 (La. App. 4 Cir. 12/1/16), 204 So.3d 1074, 1077 (citing *Bd. of Supervisors of Louisiana State Univ. v. Mid City Holdings, L.L.C.*, [20]14-0506, p. 2 (La. App. 4 Cir. 10/15/14), 151 So.3d 908, 910. For a judgment awarding attorney's fees to be a valid final judgment, it must quantify the amount of attorney fees to be awarded to the prevailing party. *Andrew Paul Gerber Testamentary Tr. v. Flettrich*, 2016-0065, p. 5 (La. App. 4 Cir. 11/2/16), 204 So.3d 634, 638 (citing *Steele v. Compass Welding Co.*, 590 So.2d 1235, 1238 (La. App. 1st Cir. 1991). In the case *sub judice*, the district court's judgment is a valid final judgment, as the award for attorney's fees is quantified with an amount of $500.00. *See, e.g., Succession of Fanz*, 2019-0867, pp. 3-4 (La. App. 4 Cir. 2/12/20) 292 So.3d 940, 942-43.

3

motion to compel in part and denying the motion to compel in part.[5]  Appellee counters that an award of attorney's fees was appropriate because the district court's judgment "granted in full" certain portions of her motion to compel.

It is well settled that "[t]he [district] court is given great discretion in awarding attorney's fees." *Bd. of Supervisors of Louisiana State Univ. v. S. Elecs., Inc.*, 2017-0722, p. 6 (La. App. 4 Cir. 6/6/18), 317 So.3d 865, 871-72 (citing *Bd. of Sup'rs of Louisiana State Univ. v. Dixie Brewing Co.*, 2015-1053, p. 18 (La. App. 4 Cir. 9/1/16), 200 So.3d 977, 989).  An appellate court will not modify an award of attorney's fees unless there is an abuse of discretion by the district court. *Id.* 2017-0722, p. 6, 317 So.3d at 872 (citing *Bd. of Sup'rs of Louisiana State Univ. v. Boudreaux's Tire & Auto Repair, L.L.C.*, 2013-0444, p. 9 (La. App. 4 Cir. 3/5/14), 133 So.3d 1262, 1269.

A motion for an order compelling discovery is codified as Louisiana Code of Civil Procedure Article 1469.  Pertinently, La. C.C.P. art. 1469(4) provides:

> (4) If the motion is granted, the court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.
>
> If the motion is denied, the court shall, after opportunity for hearing, require the moving party or the attorney advising the motion or both of them to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust.

---

[5] Appellant does not appeal the district court's judgment of an award of $116.50 in expenses to Appellee.

4

> If the motion is granted in part and denied in part, the court may apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner.

Appellant, citing *Morel v. Morel*, 425 So.2d 1289 (La. App. 5 Cir. 1982) and *Carter v. Texas Industries*, 1996-1343 (La. App. 3 Cir. 4/30/97), 693 So.2d 853 argues that the district court is without authority to award attorney's fees to Appellee in connection to Appellee's motion to compel. Appellant maintains that pursuant to La. C.C.P. art. 1469(4), a prevailing party is not entitled to attorney's fees absent statutory or contractual authority, "where, as here, the [Appellee's] motion to compel is granted in part and also denied in part."

In *Morel*, the plaintiff and defendant sought a judgment of divorce and were in dispute over child support and alimony. During the litigation, the defendant served the plaintiff with interrogatories. In response, the plaintiff filed an objection to providing his phone number based on relevancy and potential harassment he would encounter from the defendant. The defendant filed a motion to compel the plaintiff to answer the interrogatories and requested $250.00 in attorney's fees for its prosecution. On the day of the hearing for the defendant's motion to compel, the plaintiff filed answers to some, but not all of the interrogatories. The district court, thereafter, ordered the plaintiff to answer all of the defendant's interrogatories – to the exclusion of an answer with his phone number – and awarded the defendant $150.00 in attorney's fees. The plaintiff appealed the award for attorney's fees.

On appeal, the plaintiff, citing La. C.C.P. art. 1469(4), argued that the statute does not provide for the award of attorney's fees when a motion to compel is granted in part and denied in part. The appellate court, finding merit in the plaintiff's argument, set forth that when a motion to compel is granted in part and

denied in part, the district court's authority in awarding attorney's fees is restricted to "apportionment of the reasonable expenses incurred in relation to the motion." *Morel*, 425 So.2d at 1290. The *Morel* Court, citing *Killebrew v. Abbott Laboratories*, 359 So.2d 1275 (La. 1978), explained that "[i]n the absence of the statutory authority to grant attorney's fees, the court cannot make an award for them." *Id.* Accordingly, the *Morel* Court reversed the district court's award of attorney's fees of $150.00 in connection to the defendant's motion to compel.

Likewise, in *Carter*, the plaintiffs sought worker's compensation death benefits on the behalf of their deceased family member. During the discovery phase, the plaintiffs served the defendants with interrogatories and requests for production of documents. The defendants responded to all the requests except for one (1) request for production of documents. The plaintiffs, in response, served a supplemental request for production of documents and accompanying subpoena *duces tecum* against the defendants. The defendants responded with a motion to quash the subpoena and motion for protective order of the requested documents. Following, the plaintiffs filed a motion to compel discovery and requested attorney's fees and expenses in connection with the motion. After a hearing on the multiple motions, the worker's compensation hearing officer granted the plaintiffs' motion to compel but denied the defendants' motion to quash and motion for protective order. The hearing officer further ordered the defendants to pay the plaintiffs $5,000.00 in attorney's fees and $350.00 in expenses. The defendants appealed.

On appeal, the defendants argued that the hearing officer erred in awarding the plaintiffs' attorney's fees. The *Carter* Court found that the hearing officer's

actions were a partial grant and partial denial of the plaintiffs and defendants motions. The *Carter* Court, citing *Morel, supra*, continued:

> The Code of Civil Procedure Article 1469[(4)] does not grant the statutory authority for the award of attorney's fees, where ... the motion to compel answers to the interrogatory is granted in part and denied in part. Rather, under the wording of the article, the court's authority is limited to "apportionment of the reasonable expenses incurred in relation to the motion". In the absence of the statutory authority to grant attorney's fees, the court cannot make an award for them.

*Carter*, 1996-1343, p. 5, 693 So.2d at 856 (internal citation omitted). As such, the *Carter* Court reversed and vacated the award of $5,000.00 in attorney's fees and affirmed the $350.00 in expenses.

In the case *sub judice*, the district court's judgment reads, in pertinent part:

> **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Plaintiff's Motion to Compel complete discovery responses of Defendant, New Orleans City Park Improvement Association, is **GRANTED IN PART/DENIED IN PART**.

> \*       \*       \*

> **IT IS FURTHER ORDERED** that the Motion to Compel regarding Interrogatory No. 27 is **GRANTED IN PART/ DENIED IN PART**.

> \*       \*       \*

> **IT IS FURTHER ORDERED** that the Motion to Compel regarding Interrogatory No, 30 and Request for Production No. 33 is **GRANTED IN PART/DENIED IN PART**.

> \*       \*       \*

> **IT IS FURTHER ORDERED** that the Motion to Compel attorney fees and costs associated with this Motion is **GRANTED**. Defendant, New Orleans City Park Improvement Association, shall pay to Plaintiff through counsel of record $116.50 in costs and $500[.00] in attorney fees. The cost and attorney fees shall be paid on or before November 22, 2021.

The record reflects that the district court's judgment was granted in part and denied in part. As previously set forth in *Morel* and *Carter*, La. C.C.P. art. 1469(4)

7

does not permit a district court to award a party attorney's fees on a judgment that was granted in part and denied in part. Accordingly, the district court erred in awarding Appellee $500.00 in attorney's fees, payable by Appellant.

## CONCLUSION

Based on the foregoing, we reverse and vacate the district court's judgment awarding $500.00 in attorney's fees to Appellee and against Appellant.

**JUDGMENT REVERSED,
VACATED AND REMANDED**