**DEBRA CLOUD**  *   NO. 2022-C-0316

**VERSUS**  *

*   **COURT OF APPEAL**

**EARL M. GIBSON, JR. VS.**  *

**CHASE MORTGAGE**  **FOURTH CIRCUIT**

**COMPANY-WEST**  *

**STATE OF LOUISIANA**

* * * * * * *

APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2019-10042, DIVISION "F-14"
Honorable Jennifer M. Medley, Judge
* * * * * *
**Judge Roland L. Belsome**
* * * * * *
(Court composed of Judge Roland L. Belsome, Judge Rosemary Ledet, Judge
Sandra Cabrina Jenkins)

SHANTELL PAYTON
PAYTON HODGES LAW FIRM
2237 N. Hullen St., Ste. 202
Metairie, Louisiana 70001

ALICIA MCDOWELL
SYLVIA TAYLOR
SYLVIA TAYLOR & ASSOCIATES
1935 W. Airline Hwy.
LaPlace, Louisiana 70068

     COUNSEL FOR RELATORS

SCOTT J. SONNIER
ATTORNEY AT LAW
601 Poydras St., Ste. 2355
New Orleans, Louisiana 70130

     COUNSEL FOR RESPONDENT

CHASE MORTGAGE WEST
343 Thronall Street, 8th floor
Edison, New Jersey 08837

     DEFENDANT

     **WRIT GRANTED IN PART; DENIED IN PART; REMANDED**
         **July 6, 2022**

Relators, Cherlyn Boutan and Diandra Boutan, Intervenors in this matter, seek supervisory review of the trial court's May 11, 2022 judgment denying their motion to compel discovery and their request for attorney's fees and costs. For the reasons that follow, the writ application is granted in part, denied in part, and remanded.

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

Respondent, Debra A. Cloud, purchased property located at 5550 Samovar Drive in New Orleans ("the Property") at a tax sale on May 5, 2016, for unpaid ad valorem taxes for the years 2013-2015. The Property was owned by Earl M. Gibson, Jr., who died on June 23, 2012. Respondent filed a Petition to Quiet Title on September 24, 2019. Relators, Mr. Gibson's sole heirs, were notified of the tax sale through a curator ad hoc on July 27, 2020. Relators intervened, seeking to annul the tax sale for lack of due process notice. It is asserted therein that Mr. Gibson was deceased at the time of the tax delinquencies and tax sale, and that Relators were not notified of the tax sale. In response to the nullity action, Respondent sought reimbursement of approximately $100,000.00 for repairs and improvements made to the Property.

On April 17, 2021, Relators propounded Interrogatories, Request for Production of Documents and Request for Admissions to Respondent. Responses were not timely filed, and a Rule 10.1 Conference was held on May 17, 2021. Respondent submitted responses on May 21, 2021, which Relators deemed deficient. Relators challenged the responses in a Deficiency Letter, and requested that Respondent create a privilege log pursuant to La. C.C.P. at. 1424(C)[1]. Respondent submitted supplemental responses, again reiterating that the request sought privileged information. However, privilege log was not provided.

Considering the supplemental responses to be deficient, Relators filed a Motion to Compel and for Contempt, Attorney's Fees and Costs. After hearing the matter, a judgment was rendered on March 11, 2022, granting the Motion to Compel was as to Interrogatory No. 8, and denying the motion as to Request for Production of Documents Nos. 1, 4, 7, 9 and 12. Relators' request for contempt, attorney's fees and costs was also denied. Relators' writ application followed.

Relators argue in this writ application that the trial court erred in denying Request for Production of Documents Nos. 1, 2, 4, 7 and 12. At the outset, we note that although Relators put forth an argument regarding Request for Production of Documents No. 2, the transcript of the proceedings demonstrates no discussion regarding that request. Moreover, it is not included in the written judgment. Thus, Request for Production of Documents No. 2 is not before the Court.

---

[1] La. C.C.P. art. 1424(C) provides:

When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

The Request for Production of Documents and Responses at issue here are as follows:

> ***Request for Production No. 1***:  All documents you may use or introduce or in any way rely on at any trial, hearing and deposition in this matter.
> ***Response***:  Respondent objected, stating that the request sought to discover information obtained or prepared in anticipation of litigation, and in violation of the attorney-client privilege and the work product doctrine. Respondent also indicated that exhibits would be produced pursuant to the Court's scheduling order.

> ***Request for Production No. 4***:  All records/documents in response to Interrogatory No. 4,[2] including but not limited to, correspondence, background check, searches, address searches, land record searches.
> ***Response***:  Respondent objected, again stating that the request sought to discover information obtained or prepared in anticipation of litigation, and in violation of the attorney-client privilege and the work product doctrine.

> ***Request for Production No. 7***:  All records/documents in response to Interrogatory No. 8,[3] including but not limited to, invoices, checks, payments, and receipts.
> ***Response***:  See files attached.[4]

> ***Request for Production No. 12***:  All documents you used to answer the Interrogatories.
> ***Response***:  Respondent objected, stating that the request sought to discover information obtained or prepared in anticipation of litigation, and in violation of the attorney-client privilege and the work product doctrine. Respondent also indicated that exhibits would be produced pursuant to the Court's scheduling order.

Relators assert that the trial court erred and abused its discretion in:  (1) failing to order Respondent to produce the statutorily mandated privilege log; (2) determining that Relators were not entitled to receipts or proof of payments made by Respondent in connection with the reimbursement claim for the alleged repairs to the Property; (3) denying Relators' prayer for $1,000.00 in attorney's fees, plus

---

[2] Interrogatory No. 4 requested that Respondent describe the efforts made to communicate with Mr. Gibson or his heirs, including all pertinent dates.
[3] Interrogatory No. 8 requested that Respondent describe in detail all repairs/renovations made to the Property, including dates, amounts, and names of contractors or laborers.
[4] Respondent provided: (1) a copy of the August 28, 2019 letter mailed to Mr. Gibson at his Mississippi address informing him of the tax sale; (2) a list of renovation expenses; (3) photographs of the Property; and (4) a copy of Respondent's driver's license.

3

court costs; (4) holding that Relators' discovery requests were not relevant; and (5) ruling that Relators must wait until trial to obtain the requested discovery.

**LAW AND ANALYSIS**

It is well-settled that trial courts have broad discretion in ruling on discovery matters. *Crosstex Entergy Services, L.P. v. Texas Brine Co., L.L.C.*, 22-00375 (La. 4/13/22), 336 So.3d 457 (*per curiam*) (citations omitted). It is equally well-settled in that a trial court's ruling will not be disturbed on appeal absent a clear showing of abuse. *Id.* (citations omitted).

The discovery statutes are to be liberally construed to achieve their intended objectives. *Stolzle v. Safety & Sys. Assurance Consultants, Inc.*, 02-1197, p. 2 (La. 5/24/02), 819 So.2d 287, 289. La. C.C.P. art. 1422 provides, in pertinent part, that "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." La. C.E. art. 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

The test of discoverability is not whether the particular information sought will be admissible at trial, but whether the information sought appears reasonably calculated to lead to the discovery of admissible evidence. *Sercovich v. Sercovich*, 11-1780, pp. 4-5 (La. App. 4 Cir. 6/13/12), 96 So.3d 600, 603 (citation omitted).

Respondent invokes attorney-client privilege and work product in response to Relators' Request for Production of Documents. The work-product doctrine provides that the "court shall not order the production or inspection of any writing, or electronically stored information, obtained or prepared by the adverse party, his attorney, surety, indemnitor, or agent in anticipation of litigation or in preparation

4

for trial...." La. C.C.P. art. 1424(A). Additionally, "the court shall not order the production or inspection of any part of the writing, or electronically stored information, that reflects the mental impressions, conclusions, opinions, or theories of an attorney." *Id.*

As this Court reiterated in *Simmons v. Transit Management of Southeast Louisiana, Inc.*, 20-2530, p. 3 (La. App. 4 Cir. 2/7/01), 780 So.2d 1074, 1077,

> The party seeking to avoid discovery of documents on the grounds that they were prepared or obtained in anticipation of litigation or in preparation for trial bears the burden of proving that the exception applies. *Ogea v. Jacobs*, 344 So.2d 953, 955 (La. 1977); *Sonier v. Louisiana Power & Light Co.*, 272 So.2d 32, 35-36 (La. App. 1st Cir. 1973). Louisiana courts have developed the following two-part inquiry for determining whether documents should be excepted from discovery under the attorney work-product rule: (1) Were the documents obtained or prepared in anticipation of litigation or in preparation for trial? and (2) If so, will the party seeking production be unfairly prejudiced or subject to undue hardship or injustice by denial of the discovery request? *Smith v. Travelers Insurance Co.*, 418 So.2d 689, 691 (La. App. 4th Cir.1982), rev'd on other grounds, 430 So.2d 55 (La. 1983).

Relators' assignments of error can be set apart in two categories, *i.e.*, the denial of the Request for Production of Documents, and the denial of the request for attorney's fees and costs. For ease of discussion, we will address the assignments of error in that manner.

***Production of Documents***

The central issues in the underlying tax sale action involve the notices provided to Mr. Gibson and his heirs, along with Respondent's reimbursement claim for repairs made to the Property. The discovery requests at issue here specifically seek evidence regarding Respondent's efforts to locate and/or contact Respondent. Clearly this information is relevant to the assertions made in the

nullity action that tax sale due process notifications were not met.[5] Additionally, the requests seek supporting documentation to verify that the amounts claimed for repairs to the Property were actually paid by Respondent.[6] Based on our review of the record, we find that the requests include information that is relevant within the meaning of La. C.E. article 401. In sum, the trial court erred in not granting Relators' discovery requests and ordering the production of any non-privileged relevant information prior to trial.

Regarding the production of privileged information, the trial court indicated that a privilege log was not mandatory.[7] As previously stated, La. C.C.P. art. 1424(C) provides that the party claiming privilege "***shall*** make the claim expressly and ***shall*** describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." (emphasis added). It is well-established that the use of the word "shall" establishes a mandatory duty. *See*: La. R.S. 1:3; *Hamilton v. Royal Int'l Petroleum Corp.*, 05-0846, p. 11 (La. 2/22/06), 934 So.2d 25, 33.

Respondent also argues here that a privilege log is discretionary. Based on the clear language of La. C.C.P. art. 1424(C), we find no merit in that argument. Moreover, Respondent's assertion that the information sought is work-product, yet easily obtainable by Relators themselves, is disingenuous. For these reasons, we find that the trial court erred in not ordering the privilege log.

---

[5] The transcript of the proceedings reflects that the trial court did not consider the information regarding the attempts to contact Mr. Gibson and/or Relators to be relevant.

[6] While the trial court did not express an opinion on the relevance of these documents, it appears to be implied from the colloquy that the documents were to be supplied at trial, not in discovery.

[7] Specifically, the trial court stated that "[i]f there is a privilege log that is necessary, then the parties can submit a privilege log."

***Attorney's Fees and Costs***

Relators assert that the trial court erred in denying their request for $1,000.00 in attorney's fees and costs in bringing the Motion to Compel. Specifically, Relators submit that hours of attorney's fees and costs were generated over a ten-month period in an effort to get complete discovery responses. The trial court acknowledged the time period that the discovery remained contested, but stated "there is nothing to date that, in my opinion, rises to the level of holding someone in contempt."

Trial courts are afforded great discretion in awarding attorneys' fees, and its award will not be modified by a reviewing court absent a showing of an abuse of discretion. *Bd. of Sup'rs of Louisiana State Univ. v. Dixie Brewing Co.*, 15-1053, p. 18 (La. App. 4 Cir. 9/1/16), 200 So.3d 977, 989.

La. C.C. art. 1469 outlines not only the procedure for seeking motions to compel discovery, but also addresses attorney's fees and expenses in connection therewith. Subsection (4) of the article provides: "If the motion is granted in part and denied in part, the court may apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner."

Recently, this Court held that La. C.C.P. art. 1469(4):

> does not grant the statutory authority for the award of attorney's fees, where … the motion to compel … is granted in part and denied in part. Rather, under the wording of the article, the court's authority is limited to 'apportionment of the reasonable expenses incurred in relation to the motion'. In the absence of the statutory authority to grant attorney's fees, the court cannot make an award for them.

*Louis v. New Orleans City Park Improvement Ass'n,* 22-0047, (La. App. 4 Cir. 5/4/22), ___ So.3d ___, 2022 WL 1467954, *4 (citing *Carter v. Texas Indus.*,

1996-1343, p. 5 (La. App. 3 Cir. 4/30/97), 693 So.2d 853, 856; *Morel v. Morel*, 425 So.2d 1289, 1290 (La. App. 5 Cir. 1982)).

As previously stated, Relators' Motion of Compel was denied in part (as to Request for Production of Documents Nos. 1, 4, 7, and 12) and granted in part (as to Interrogatory No. 8). Pursuant to this Court's holding in *Louis*, and the jurisprudence cited therein, the trial court did not err in denying Relators' request for attorney's fees. Moreover, under the circumstances presented here, we find no abuse of discretion on the part of the trial court in denying an award for expenses.

**CONCLUSION**

Based on the record before us, we find that information requested by Relators is relevant to the claims raised in this action. We further find that under La. C.C. P. art. 1424(C), Respondent is required to either furnish the information or provide a privilege log describing the nature of the documents, communications, or things not produced or disclosed. Therefore, we grant the writ application and reverse the trial court's May 11, 2022 ruling denying Request for Production of Documents Nos. 1, 4, 7, and 12, and order that Respondent produce any non-privileged documents requested therein. With regard to any documents withheld on the basis of privilege, Respondent is ordered to provide a privilege log.

Finally, finding no abuse of discretion in the trial court's denial of attorney's fees and costs, we deny Relators' writ application in that respect. The matter is remanded for further proceedings consistent with this opinion.

**WRIT GRANTED IN PART; DENIED IN PART; REMANDED**